MEMORANDUM OPINION



No. 04-03-00866-CR



Rudolfo ALDERETE,


Appellant



v.



STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-4871-W


Honorable Sharon MacRae, Judge Presiding



Per Curiam


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 

Delivered and filed: January 14, 2003


DISMISSED FOR LACK OF JURISDICTION


 Appellant's sentence was imposed on June 26, 2003. A motion for new trial or notice
of appeal was due July 28, 2003. See Tex. R. App. P. 26.2. The clerk's record does not
contain a motion for new trial. A motion for extension of time to file the notice of appeal
was due in this court August 12, 2003, see Tex. R. App. P. 41(b)(2), but no such motion has
been filed. The notice of appeal was not filed until November 10, 2003. On December 23,
2003, we ordered appellant to respond to our show cause order with a reasonable explanation
for why this appeal should not be dismissed for lack of jurisdiction. Appellant's appointed
counsel did not respond. Appellant responded pro se.

 In his response, appellant states that he filed a motion for an out-of-time appeal in this
court on December 2, 2003. Our record does not contain the motion referenced by appellant,
nor does the trial court clerk's record contain such a motion. However, even if the motion
was filed on the date stated by appellant, it would not preserve appellant's right to appeal
because it was filed too late. See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996) (a motion for extension of time must be filed within fifteen days after the notice of
appeal is due).

 Because appellant failed to timely file either a motion for extension of time or a notice
of appeal in this case, we lack jurisdiction to entertain the appeal. See Olivo, 918 S.W.2d
at 522; see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App. 1991)
(explaining that the writ of habeas corpus pursuant to article 11.07 of the Texas Code of
Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we
dismiss Rudolfo Alderete's appeal for lack of jurisdiction.

 PER CURIAM

Do Not Publish